Daniel Prue
vs.                     } No. 63236
The Goodrich Oil Company

October 1, 1925.

BAKER, J. Heard on demurrer to the declaration which is in two counts.

The plaintiff evidently intends to allege that the depositing of certain fuel oil on the surface of the ground by the defendant company was the proximate cause of the injury to the plaintiff's property, the allegation being that the oil became ignited and a fire ensued.

It appears to the Court that it is not necessary for the plaintiff to allege the manner in which the oil became ignited, or that it was ignited by the defendant or any of its agents or servants. It is very possible that the mere leaving on the ground of such a substance might be the proximate cause of the injury or, in any event, a concurring cause. If the fire or the injury following came about solely through the negligent act of some third person which intervened after the defendant's negligence complained of in leaving the oil upon the surface of the ground, then it seems to the Court that this is a matter of defence to be brought out by testimony at the trial of the case. It would appear to the Court, however, that the plaintiff's declaration is too vague and uncertain in its allegations in several respects. The Court believes that it should be alleged more clearly that the oil in question deposited upon the ground by the defendant company was in and of itself a dangerous substance and likely to catch fire. Further, it does not appear from the declaration where or in what manner the oil was deposited upon the ground. The statement is merely that the depositing was on property adjoining a certan house. Whether this means the highway or property belonging to the defendant company, or the property of a third person cannot be told. In the judgment of the Court the plaintiff should allege in some way that at the time the fire occurred the defendant company had some control over or possession of the oil in question. Otherwise, it might be that the defendant company had sold and delivered the oil to some person under whose control it was at the time of the fire.

For these reasons it seems to the Court that the second, third and seventh grounds of demurrer to the first count are good.

In the second count the plaintiff alleges that what the defendant did was in violation of the laws of this state and the defendant has demurred to the declaration because of this allegation in addition to the other grounds of demurrer.

It seems to the Court that the demurrer is good. If the plaintiff desires to declare on some statute, it would appear that the proper way of so doing would be to allege that the defendant's acts were contrary to the form of the statute in such case made and provided, though the actual language of the statute need not itself be set out if it is a public statute.

The allegations in the declaration in the present form, however, seem very vague.

For the above reasons the demurrer to both counts of the declaration is sustained.

The plaintiff has leave, if he sees fit, to file an amended declaration within ten days from the date of the filing hereof and the defendant may have ten days thereafter to plead or demur.

For Plaintiff:  James E. Brennan.

For Defendant:  Charles E. Salisbury.